# UNITED STATES DISTRICT COURT

      Eastern        District of        Pennsylvania

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JERRY ALEXANDER | Case Number: DPAE2:12CR000083-001 |
| | USM Number: 61960-066 |
| | Luther Weaver, Esquire |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    1,2,3,6,7,11 and 16

☐ pleaded nolo contendere to count(s)     
which was accepted by the court.

☐ was found guilty on count(s)     
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy | 9/27/2010 | 1 |
| 18:471 | Manufacturing counterfeit currency | 7/31/2011 | 2 |
| 18:472 and 18:2 | Possessing counterfeit currency; aiding and abetting | 6/22/2008 | 3 |
| 18:472 and 18:2 | Possessing counterfeit currency; aiding and abetting | 3/15/2009 | 6 |
| 18:472 and 18:2 | Possessing counterfeit currency; aiding and abetting | 7/7/2009 | 7 |

    The defendant is sentenced as provided in pages 2 through    8    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)     

X Count(s)    4,5,8,9,10,12,13,14,15    ☐ is    X are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 13, 2012
Date of Imposition of Judgment

*(signature)*
Signature of Judge

JOHN R. PADOVA, USDJ
Name and Title of Judge

12/14/12
Date

DEFENDANT: JERRY ALEXANDER
CASE NUMBER: 12-CR-83-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:472 | Possessing counterfeit currency | 3/21/2010 | 11 |
| 18:472 and 18:2 | Possessing counterfeit currency; aiding and abetting | 9/27/2010 | 16 |

DEFENDANT: JERRY ALEXANDER
CASE NUMBER: 12-CR-83-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

84 months
( Term of 60 months as to count 1 and terms of 84 months as to counts 2,3,6,11 and 16, all such counts to run concurrently)

- [X] The court makes the following recommendations to the Bureau of Prisons:
  The court strongly recommends that the defendant be placed in an appropriate values program, vocational program, and academic program and that these programs be made available to the defendant.

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____ .
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      JERRY ALEXANDER
CASE NUMBER:    12-CR-83-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three years on each count , all such terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JERRY ALEXANDER
CASE NUMBER: 12-CR-83-1

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income. The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the Court. The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the fine/restitution remains unpaid.

DEFENDANT: JERRY ALEXANDER
CASE NUMBER: 12-cr-83-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 700.00 | $ 500.00 | $ 1,300.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Black Horse Tavern | 300.00 | 300.00 | |
| Colonial Village Meat Market | 100.00 | 100.00 | . |
| Carival Ice Cream | 100.00 | 100.00 | |
| Party Land | 100.00 | 100.00 | |
| We Love Pets | 100.00 | 100.00 | |
| Davis Pub | 100.00 | 100.00 | |
| Acme Bar and Grill | 100.00 | 100.00 | |
| Armadillo's Bar and Grill | 100.00 | 100.00 | |
| Boatyard Boat and Grill | 100.00 | 100.00 | |
| Galway Pub | 100.00 | 100.00 | |
| Fashion Bug | 100.00 | 100.00 | |

Addresses on next page

| **TOTALS** | $ 1300 | $ 1300 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the    X fine    X restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JERRY ALEXANDER
CASE NUMBER: 12-CR-83-1

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Black Horse Tavern**<br>attn: Marylee Cook<br>3223 Germantown Pike<br>Norristown, PA 19403 | 300.00 | 300.00 | |
| **Colonial Village Meat Market**<br>attn: Diane Polce<br>509 Baltimore Pike<br>Springfield PA 19604 | 100.00 | 100.00 | |
| **Carival Ice Cream**<br>attn: Gloria Ingenito<br>505 Baltimore Pike<br>Springfield PA 19064 | 100.00 | 100.00 | |
| **Party Land**<br>attn: Arnie Wynne<br>223 Chester Pike<br>Norwood PA 19074 | 100.00 | 100.00 | |
| **We Love Pets**<br>attn: Michael Gill<br>523 E. Baltimore Pike<br>Media PA 19063 | 100.00 | 100.00 | |
| **Davis Pub**<br>ATTN: Kiyomi Endo<br>400 Chester Ave.<br>Annapolis MD 21403 | 100.00 | 100.00 | |
| **Acme Bar and Grill**<br>attn: Kevin Epey<br>163 Main St.<br>Annapolis MD 21401 | 100.00 | 100.00 | |
| **Armadillo's Bar and Grill**<br>attn: Scott Schleuper<br>123 Dock St.<br>Annapolis MD 21401 | 100.00 | 100.00 | |
| **Boatyard Bar and Grill**<br>attn: Ken Nankervis<br>400 Fourth St.<br>Annapolis MD 21403 | 100.00 | 100.00 | |
| **Galway Bay** atttn: Sean Lynch<br>63 Maryland Ave<br>Annapolis MD 21401 | 100.00 | 100.00 | |
| **Fashion Bug Charming Shops**<br>3750 State Road<br>Bensalem PA 19020 | 100.00 | 100.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JERRY ALEXANDER
CASE NUMBER: 12-cr-83-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $ __700__ due immediately, balance due

    ☐ not later than _____ , or
    X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

B   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

The court recommends that the defendant make fine and restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. If the defendant participates in the program, the defendant shall provide a minimum payment of $25.00 per quarter towards the fine and restitution . Any portion of the fine/restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and shall be due in monthly payments of not less than **$ 50** per month to commence __30__ days after release from imprisonment to a term of supervision

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The amounts ordered represent the total amounts due to the victims for these loses. The defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these loses. Co-Deft Lea Vance 12-cr-83-2

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
    $639.00 in United States Currency .

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.